RAY v. TIMES PUB. CO. (No. 1121-5072.)

Commission of Appeals of Texas, Section A.
Jan. 9, 1929.

Hawkins, Hawkins & David, of Breckenridge, for plaintiff in error.

Conner & McRae and G. G. Hazel, all of Eastland, for defendant in error.

HARVEY, P. J. The plaintiff in error, E. E. Ray, recovered judgment against the defendant in error, Times Publishing Company, for the sum of $4,000 actual damages resulting from an alleged libelous publication made by the defendant in error. On appeal, that judgment was reversed by the Court of Civil Appeals, and the cause remanded. 1 S.W.(2d) 471.

The salient facts are as follows:

On May 26, 1926, a complaint was duly filed with Sam J. Day, justice of the peace at Eastland, wherein it was alleged that the plaintiff in error, on May 15, 1926, "did voluntarily, deliberately, and willfully under oath, then and there legally administered to him by Sam J. Day, a notary public in and for Eastland County, Texas, the said Sam J. Day being then and there authorized by law to administer said oath, make the following voluntary false statement and declaration and affidavit in writing and signed by him, in the following words: 'That at the time he sold and delivered certain goods, wares, and merchandise to Mrs. L. D. Hillyer and L. E. Harper, to wit: On the 25th day of January, A. D. 1926, he had no creditors of any kind or nature except the following: White Electric Company of Dallas, Texas, $173.00; Columbia Phonograph Company, Dallas, Texas, $14.50; I am endorser and was on said date on a note to the Brunswick-Balke-Collender Company for about $300.00. Affiant further says that the above named are the only creditors as of the above mentioned date, and that the above list is a full, accurate, and complete list of his creditors and of his indebtedness on said date.' Whereas in fact and in truth said false statement and affidavit was not required by law and was not made in the course of a judicial proceeding, and the said E. E. Ray knew the same to be false at the time he made it; against the peace and dignity of the state."

A warrant of arrest was duly issued upon the above complaint on May 26, 1926, by justice of the peace, and the plaintiff in error was arrested thereunder. Upon being arrested, he promptly made the required bail bond, and was released from custody without having been placed in jail.

On May 28, 1926, the following news item was published in the Eastland Daily Telegram, a newspaper published by the defendant in error at Eastland, to wit:

"Former Eastland Dealer Arrested Under Sales Act.

"E. E. Ray, former owner of the Eastland Music Shop and now conducting a business at Breckenridge, was arrested and placed in jail last night on charges of false swearing and perjury. He is held in lieu of $1,000.00 bond which has not been made. It is alleged that when Ray sold his business in Eastland he appeared before Judge Sam Day and swore that he had paid off all creditors and that the business was free from incumbrance. Later it developed that several were unpaid and arrest on this occasion was staved off when Ray paid off and it was after this that Ray took the oath before Judge Day that the place was clear.

"Since then, however, Judge Day stated, other bills have come in and the arrest of Ray was ordered under the Bulk Sales Law."

The recovery of judgment by the plaintiff in error is predicated upon the statements contained in the above article to the effect that plaintiff in error was charged with perjury and was placed in jail and held in lieu of $1,000 bond, which had not been made. The publication of said statements by the defendant in error was made in good faith and without malice.

█ For the present, we shall exclude from consideration that part of the above article which says in effect that the plaintiff in error was placed in jail and held in lieu of $1,000 bond; and shall consider the remainder of the article. The statement in the article that the plaintiff in error was charged with perjury was libelous. It afforded ground for recovery of actual damages by the plaintiff in error, unless the publication thereof was privileged under the statute.

At the time this case was tried in the court below, article 5432 of the Statutes of 1925 read partly as follows:

"The publication of the following matters by any newspaper or periodical, shall be deemed privileged, and shall not be made the basis of any action for libel without proof of actual malice: * * * a fair, true, and impartial account of the proceedings in a court of justice * * * or any other official proceedings authorized by law in the administration of the law."

██ The question is presented here as to whether or not the newspaper article in question (exclusive of the statement to the effect that plaintiff in error was placed in jail and had not made bond) is a fair, true, and impartial account of the criminal charge that was filed with the justice of the peace. If it is, then the publication thereof was privileged under the statute. The contentions of the respective parties in this regard, center upon the question as to whether or not that part which says that the plaintiff in error was charged with perjury composes part of a *true* account of the charge that had been filed. It is not necessary that the account be literally true in order to be privileged; the statutory requirement that it be a true one is satisfied if it be a substantially true one. A substantially true defamatory statement is regarded in law as "true" when the truth of the defamatory statement is in issue (Express Pub. Co. v. Keeran [Tex. Com. App.] 284 S. W. 913; see authorities cited in 36 C. J. 1233, note 22); and in determining whether or not a newspaper article is a true account of privileged matters, a substantially true account of such matters, we think, meets the statutory requirement in this respect. It is also believed that in determining whether a particular statement appearing in the newspaper article constitutes, together with the rest of the article, a substantially true account of privileged matters, the language of the particular statement must be construed in the light of the accompanying statements in the article, and be interpreted in the sense that the ordinary reader would ascribe to it in that light. Belo & Co. v. Smith, 91 Tex. 221, 42 S. W. 850.

█ This brings us to the application of the foregoing rules of law to the article in question. It is an undisputed fact that a complaint charging the plaintiff in error with a crime was on file. The gravamen of the charge, as embodied in the complaint, was the alleged act of the plaintiff in error in deliberately making a false oath, under the formalities of law, respecting his indebtedness at the time he sold a certain stock of goods. Whether or not this act constituted the felonious crime of false swearing or that of perjury depends upon collateral circumstances which are not understood by the ordinary man as constituting distinguishing factors. In common parlance the terms "perjury" and "false swearing" are interchangeable. (See definition of the word "perjury" in Webster's New International Dictionary.) The published article states, in ordinary language and with substantial accuracy, the gravamen of the charge as contained in the complaint. From such statement, the ordinary newspaper reader would understand that the plaintiff in error stood formally charged with a crime denominated indifferently by the terms "false swearing" and "perjury." The article was couched in the language of the ordinary newspaper reader; and the word "perjury" must be interpreted in the connection in which it is used, as meaning what he understands it to mean in that connection. Being so interpreted, the article, including that word, constitutes a fair, impartial, and substantially true account of the charge which had been lodged with the justice of the peace. Such account was privileged and therefore not actionable. The trial court erred in submitting to the jury, as a ground of recovery by the plaintiff in error, the statement that the latter was charged with perjury.

In the foregoing discussion we have excluded from consideration that part of the published article which says in effect that the plaintiff in error was placed in jail and held in lieu of $1,000 bond, which he had not made. We are of opinion that this part of the publication comes within the purview of article 5430 of the Statutes. It is therefore libelous. It is not a true account of judicial or official proceedings. It is therefore not privileged.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.