Raymundo DAVILA, Appellant,

v.

The CALLER TIMES PUBLISHING
COMPANY, Appellee.

No. 13311.

Court of Civil Appeals of Texas.

San Antonio.

March 12, 1958.

See also 308 S.W.2d 592.

Carlos Castellon, Austin, Edward Idar, Jr., McAllen, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

BARROW, Justice.

Appellant, Raymundo Davila, instituted this suit against appellee, The Caller Times Publishing Company, for damages, alleging that he had been libeled by the publication

of an article in the Corpus Christi Caller Times, a newspaper published by appellee. The article appeared on December 25, 1956, bore an Austin date line, was written by the Associated Press, and read as follows:

"Ranger Kills Laredo Man
in Gun Battle

AUSTIN, Dec. 24 (AP)—Texas Ranger Walter Russell shot and killed a Laredo man late Saturday night after the ranger had been fired on, the Department of Public Safety said here today.

The dead man was Raymundo Davila, about 36, who was killed with a single shotgun blast on a highway about six miles east of Freer. The DPS said Russell and Manuel Amaya, San Diego, chief of police, had stopped a truck Davila was riding in for investigation.

The DPS said Davila and his two companions, Rodolfo Cruze Mata, 28, and Pedro Martinez, 24, both of Laredo, had marijuana in their possession and were planning to deliver some in San Diego.

The department said the pickup truck in which the three were riding was stopped by two officers' and Davila opened fire on Russell with a .25 caliber pistol. Russell shot back, killing Davila.

Abe Palacios, custom agent at Laredo, and Ranger area Captain Alfred Allee, of Carrizo Springs, investigated. Palacios took the marijuana, the two suspects and the truck to Laredo where they said charges of possession of marijuana will be filed.

Sam Burris, district attorney at Alice, said a hearing on the shooting will be held at Freer Jan. 4."

The facts appearing in the article are not disputed, except that actually the dead man was not Raymundo Davila but his brother, Jesus Davila, who also lived in Laredo, on the same lot as appellant.

The appellee duly filed a plea of privilege which was sustained. This appeal is from that judgment.

The trial court found, upon evidence which we deem sufficient, that the publication insofar as it concerned appellant was false, but that it involved an honest mistake or oversight on the part of appellee; that there was no malice on the part of appellee; and that the publication was made for general information as a matter of public concern. The court also found that the published article, including appellant's name, was distributed to appellee through an Associated Press dispatch and originated from the Department of Public Safety of the State of Texas.

Appellant's controverting plea is based on Subdivision 29 of Article 1995, Vernon's Ann.Civ.Stats., which provides:

"Libel or slander.—A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

■ The effect of the filing of the plea of privilege and the controverting affidavit involving Subdivision 29 of Article 1995, was to impose on appellant, plaintiff in the trial court, the burden of proving on the hearing of the plea of privilege, that a cause of action for libel in fact accrued in his favor. Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246, 146 A.L.R. 732; A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

■ The publication in question charges as a fact that appellant was guilty of the possession of marijuana and of firing upon an officer, both of which are criminal offenses denounced by the Penal Code of this State. It is not denied that insofar as appellant is concerned these charges were false. To charge a person

with or impute to him the commission of any crime for which punishment by imprisonment in jail or the penitentiary may be imposed, is slanderous or libelous per se. Bell Pub. Co. v. Garrett Engineering Co., 141 Tex. 51, 170 S.W.2d 197; Pridemore v. San Angelo Standard, Tex.Civ.App., 146 S.W.2d 1048; Maass v. Sefcik, Tex.Civ.App., 138 S.W.2d 897; 27 Tex. Jur. 594, § 5. Where the words used are libelous or slanderous per se, the law presumes actual damages, and in order to recover it is not necessary to prove them. 27 Tex.Jur., 690, 691, § 53; Caller Times Pub. Co. v. Chandler, Tex.Civ.App., 122 S.W.2d 249, affirmed, 134 Tex. 1, 130 S.W. 2d 853. An untrue statement published in a newspaper charging plaintiff with the commission of an offense cannot be defended on the ground that it was privileged matter. Defendant, however innocent may have been the mistake, is liable for actual damages. Wortham-Carter Pub. Co. v. Littlepage, Tex.Civ.App., 223 S.W. 1043.

 Appellee contends that appellant failed to prove that he resided in Webb County, Texas, on the date of the publication. We have examined the record and find that there is evidence that appellant lived in Laredo, Webb County, Texas, on said date.

 Appellee contends that the publication was privileged, in that it amounts to fair comment upon matters of public concern published for general information. We cannot agree with this contention. A false statement of fact concerning another, even if made in a discussion of matters of public concern, is not privileged as fair comment. A. H. Belo & Co. v. Looney, 112 Tex. 160, 246 S.W. 777; Bell Pub. Co. v. Garrett Engineering Co., Tex.Com.App., 141 Tex. 51, 170 S.W.2d 197; Moore v. Leverett, Tex.Com.App., 52 S.W.2d 252; Jenkins v. Taylor, Tex.Civ.App., 4 S.W.2d 656; Houston Press Co. v. Smith, Tex.Civ. App., 3 S.W.2d 900; Ferguson v. Houston Press Co., Tex.Civ.App., 1 S.W.2d 387, affirmed, Tex.Com.App., 12 S.W.2d 125; 33

Am.Jur. 164; 110 A.L.R. 412 (Annotation); 27 Tex.Jur. 670.

 The existence or non-existence of malice is of no consequence in this case, for the reason that appellant would be entitled to recover actual damages although the publication was without malice. Express Publilshing Co. v. Lancaster, Tex. Com.App., 2 S.W.2d 833.

Appellant having proved a case of libel against appellee and having proved that he resided in Webb County, Texas, on the date the cause of action accrued, it follows that the court erred in sustaining appellee's plea of privilege

The judgment of the trial court is reversed and judgment here rendered overruling the plea of privilege.