Alton **STEWART**, Appellant,

v.

The **ENTERPRISE COMPANY**, Appellee.

No. 6781.

Court of Civil Appeals of Texas.

Beaumont.

July 1, 1965.

Rehearing Denied Sept. 8, 1965.

John L. Fulbright, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for libel. Trial was by jury and judgment was instructed for defendant at the close of plaintiff's testimony. The parties will be referred to here as they were in the trial court.

This action arises out of an article which was published by defendant in the Beaumont Enterprise newspaper January 1st, 1963. A part of such article read as follows:

"ARRESTS END CRIME SURGE

"12 Burglaries, Felony and Misdemeanor Thefts Solved

"Twelve burglaries, six felony thefts and several misdemeanor thefts have been cleared up with the arrests, beginning last Thursday, of six persons, Sheriff's Capt. Carl Moon said yesterday.

"A seventh member of the alleged burglary and theft ring is still at large.

"Charged in justice courts here and in Port Arthur with either burglary, felony theft or receiving and concealing stolen property, he said, are:

"Prentice Edward Gibson, 28, and Nettie Rae Giles, 41, both of Nederland; Billy Gene Couch, 31, and Alton Stewart, Jr., both of Groves; Donald Lee Mikesell, 29, of Port Neches; and Roy David Harwell, 40, of Port Arthur.

"The burglaries and thefts, which were committed over a period of four or five months, netted the ring approximately $3,000 in stolen merchandise, Capt. Moon said. He said some $1,000 worth of this property has been recovered by investigating officers.

"Among the stolen items that have been recovered are two outboard motors, two water pumps, a silver Christ- mas tree, colored revolving lights, various types of boots, two car tires (one of which was stolen in Orange County) and a transistor radio.

\* \* \* \* \* \*

"Receiving and concealing stolen property charges have been filed against Couch and Stewart, Capt. Moon said.

\* \* \* \* \* \*

"Capt. Moon said Couch and Harwell sold cigarettes at the club which had been stolen by the other members of the ring. He said that Stewart served as 'fence' for the stolen water pumps by carrying them to Louisiana."

■ Plaintiff contends the trial court erred in instructing a verdict for defendant because the evidence raised material fact issues for the jury to determine. The statements made in the newspaper article were libelous per se. The words written would injuriously affect the business of the plaintiff, and were actionable unless privileged, or unless true. The language used, giving its plain, ordinary and natural meanings charged the plaintiff with being a member of an alleged burglary and theft ring and as serving as a fence for the stolen water pumps by carrying them to Louisiana. These statements amounted to charges of the commission of crime and were libelous per se. We do not find this language ambiguous.

■ Plaintiff admitted the complaint of receiving and concealing stolen property had been filed against him and also that he had bought two water pumps and carried them to Louisiana. However, plaintiff denied he was a member of a burglary and theft ring and that he had served as a fence. The truth of the objectionable charges published in the newspaper were not established as a matter of law. Viewing the evidence in its most favorable light to plaintiff, as we are required to do where the trial court has instructed a verdict for defendant, we

find that the evidence raised issues of fact for the jury to determine.

 Article 5432, Vernon's Ann.Civ.St., provides that certain articles in newspapers are privileged. Defendant contends the trial court did not err in this case because the article was privileged under Sections 1 and 4 of this statute. We do not find this statute to be applicable to the facts of this case.

Reversed and remanded.