**Vern E. CHRISTY, Appellant,**

v.

**STAUFFER PUBLICATIONS, INC., et al.,**

**Appellees.**

**No. 7804.**

Court of Civil Appeals of Texas.

Amarillo.

Aug. 12, 1968.

Rehearing Denied Sept. 3, 1968.

Edwards & Brackett, Lubbock, for appellant, James R. Edwards, Lubbock, of counsel.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees, A. B. Hankins, Amarillo, of counsel.

DENTON, Chief Justice.

Summary judgment was rendered for Stauffer Publications, Inc., and Bob Izzard, defendants below, in a suit by Vern E. Christy for libel in connection with a televised newscast.

The suit was based upon a television newscast on station KGNC at Amarillo at 10:10 p. m. on the night of August 17, 1966, relating to an armed robbery of a Safeway store in that city at approximately 5:15 p. m. that day. Bob Izzard, news director of appellee broadcasting company, read from a prepared written script substantially as follows:

"SHORTLY AFTER FIVE O'CLOCK THIS AFTERNOON, AN ARMED ROBBERY TOOK PLACE AT THE SAFEWAY SUPERMARKET IN SUNSET CENTER. ACCORDING TO POLICE, A MAN, DESCRIBED AS BEING 40–45 YEARS OF AGE, SIX FEET FOUR INCHES TALL, WEARING A WHITE SHIRT, DARK TROUSERS AND DARK GLASSES, MADE A PURCHASE OF ARTICLES AMOUNTING TO $2.15. HE ENTERED CHECK OUT STAND NUMBER ONE IN THE market, and cashier Dorothy Jean Hollman, 29, of 1113 Garfield, rang up his purchases. She told officers that when the register opened the man pulled a pistol out of what she said looked like a J. C. Penney shopping bag and told her * * * 'Put everything in a grocery sack.' She complied, he picked up his parcels and exited the east door of the market onto the Sunset Center parking lot. Miss Hollman notified the store manager, Gerald Unruh, 29, of 4911 Goodnight Trail and he dashed out of the store to see if he

could see the armed robber. He reported to police that the man was already out of sight. Amarillo Police converged on the scene and began questioning store employees, customers and people who live in the area just behind and south of the market, to see if they had seen anything unusual. It was determined by store manager Unruh that about 75 in cash and change was taken from the register. It would have been more, he told police, but he had cleaned out the register at four o'clock, restocking it with $100 in bills and change.

"Little more than one hour later, police saw a late model Cadillac on North Western. The car stopped on Amarillo Boulevard West. No groceries or money, save a few dollars, was found in the car or on the driver. A search of the area where the car was first spotted on North Western was undertaken with no results. Taken to the police station was Vern Christy of Borger, Texas. He was picked out of a lineup by Dorothy Jean Hollman, the cashier, as the man she thought had held her up. He was taken before Corporation Court Judge Otis Klar where he was warned of his right to remain silent, make a statement —and if he did it could be used against him, to either take or not take a polygraph test and to be represented by counsel. He was placed in jail and police are questioning him at this hour."

Following the arrest and questioning of appellant and further investigation, the police released the appellant at approximately 9:45 p. m. on the same date.

Appellees filed a number of affidavits in support of their motion for summary judgment, including an affidavit of the Safeway store manager; the cashier who was robbed; Bob Izzard, the newscaster, with the script attached; Alvin R. Fenter, the arresting officer with photostatic copies of the complaint, voluntary consent to search signed by appellant, and an arrest report attached to his affidavit; and James D. Paulson and Joe D. Bowes, city officer and

detective, respectively, with photostatic copies of the warning given appellant, executed by the Corporation Judge, and the investigation order attached to the latter affidavit.

Appellant contends each of the affidavits are defective because they do not comply with Rule 166–A, Texas Rules of Civil Procedure, in the following respects: (1) the affidavits do not state they are made on the personal knowledge of the affiant; (2) they do not affirmatively show the affiants are competent to testify to the matters stated therein; (3) sworn or certified copies of the instruments referred to in the affidavits were not attached thereto; (4) each affidavit is based in part upon hearsay and conclusions. Section (e) of Rule 166–A provides an affidavit shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Youngstown Sheet & Tube Company v. Penn (Sup.Ct.), 363 S.W.2d 230; Box v. Bates, 162 Tex. 184, 346 S.W.2d 317. Street v. Hannasch (Tex.Civ.App.) 410 S.W.2d 941.

■ Although the affidavits in support of appellees' motion for summary judgment do not specifically state they are made on the personal knowledge of the respective affiants, a study of each shows on their face they were made on personal knowledge of the affiant and they were competent to testify to material matters stated in each of them. The store manager and the cashier who was robbed, the policeman who participated in the arrest and investigation, each stated the facts that relate to the part they played in the armed robbery and the related events connected with appellant. A careful review of the affidavits clearly show that the facts stated therein were based on the personal knowledge of the material matters stated therein and are matters that could be testified to on a trial on its merits. There is no merit to appellant's objections 1, 2 and 4. Osborne v. Dean

(Tex.Civ.App.) 359 S.W.2d 550. Weaver v. Brandin (Tex.Civ.App.) 394 S.W.2d 709 (Error Dis.). Street v. Hannasch, supra.

■ Appellant further contends the affidavits are defective because sworn or certified copies of the instruments referred to in the affidavits were not attached thereto. This objection was not raised in the trial court. It cannot be raised for the first time on appeal. Farmers & Merchants Compress & Warehouse Company v. City of Dallas (Tex.Civ.App.) 335 S.W.2d 854 (Ref. N.R.E.). Lobit v. Crouch (Tex.Civ.App.) 293 S.W.2d 110 (Ref. N.R.E.). We therefore conclude the affidavits in support of appellees' motion for summary judgment are in substantial compliance with Rule 166–A.

■ We next consider appellant's contentions there are genuine issues of fact; and that the communication made by Izzard was not a fair, true and impartial account of the proceedings. The only issue of fact that appellant urges was that raised in an opposing affidavit by H. C. (Bill) Williams who stated he saw and heard the newscast in question on the night of August 17. He stated "Bob Izzard referred to Mr. Christy as the bandit; that he had been arrested for the armed robbery; that he had been charged with the armed robbery and had been positively identified as the holdup man. He further stated that at the present time, Vern E. Christy was in jail and undergoing questioning". It is undisputed from all of the summary judgment evidence that appellant was "arrested for the armed robbery". He was charged by complaint with "investigation of armed robbery" and was identified by the cashier as "the man who committed the robbery" as she stated in her affidavit. The only discrepancy between the Williams affidavit and the affidavits and exhibits presented by the appellees is whether appellant was referred to as "the bandit" in the newscast. The phrase is not found in the newscast script and Mr. Izzard stated he read the newscast from the script. In any event, such a discrepancy in the comments of the newscast, if one did exist, does not create a material fact issue. Ray v. Times Publishing Company (Tex.Com.App.) 12 S.W.2d 165.

Appellant next attacks the trial court's action on the ground the communication made by appellee was not a fair, true and impartial account of the proceedings. Appellees take the position the newscast was a fair, true and impartial account of official acts of public officials and of other matters of public concern published for general information, and as such, was privileged.

Material parts of Article 5432, Vernon's Ann.Tex.Civ.St. read:

> "The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall not be made the basis of any action for libel."
>
> \* \* \* \* \* \*
>
> "4. A reasonable and fair comment or criticism of the official acts of public officials and of other matters of public concern published for general information."

It has been held that broadcasting by reading a defamatory statement from a written script constitutes the publication of a libel rather than slander. Gibler v. Houston Post Company (Tex.Civ.App.) 310 S.W.2d 377 (Ref. N.R.E.). It is undisputed the newscast was a comment upon the official acts of the police and was a matter of public concern published for general information.

■ It is settled that whether a publication is privileged, where the language used is unambiguous or where the facts and circumstances surrounding the publication are undisputed, is a question for the court to determine. Fitzjarrald v. Panhandle Publishing Company, 149 Tex. 87, 228 S.W.2d 499, and Newton v. Dallas Morning News (Tex.Civ.App.) 376 S.W.2d 396. There is no contention the newscast was ambiguous. When the newscast is compared with the

affidavits of the participants in the armed robbery and the complaint, arrest report and other instruments in the police file, we are of the opinion the newscast contained substantially true statements concerning the appellant and the circumstances surrounding the Safeway robbery.

■ Appellant's position is the newscast was unfair and not impartial in that it failed to disclose appellant had been released at the time the newscast was made. The record shows appellant was released by the police with the notation "no case" at 9:45 p. m. on August 17 and that Mr. Izzard read the newscast over the air at approximately 10:10 p. m., some 25 minutes after appellant's release. Appellant contends it was incumbent upon appellees to check their information just prior to broadcast time to determine its last minute accuracy; that its failure to do so in this case rendered the newscast unfair and impartial to appellant. We do not agree. To make such a requirement would place an undue and unreasonable burden upon appellees. This is not to say appellees are not required to use reasonable diligence to determine the accuracy of their communications. However, under the facts and circumstances of this case, it is our view appellee was not at fault in failing to determine whether or not appellant had been released just prior to news time, which in this case was only 15 minutes before the newscaster went on the air. It is not shown there were any facts available to appellee or its employees to indicate a likelihood of appellant's release at that time. There were no other newscasts broadcast by appellee that same evening, however, Mr. Izzard did read the following news item the following day.

"On Camera * * * Vern Christy from Borger who was questioned in the Armed Robbery of the Safeway supermarket has been released by Amarillo Police.

He was arrested yesterday about an hour after a cashier at the Safeway Supermarket in Sunset Center was robbed at gunpoint of $75. The man was picked from a lineup as the man who looked liked the one that committed the robbery. However, a search of the man and his car revealed no trace of the money or other items used by the bandit. Police questioned the man further, decided he was not the man and let him go * * *."

■ A review of the pleadings, affidavits and attached exhibits and depositions, in light of the rules applicable here, convinces us the newscast complained of constituted a fair, impartial and substantially correct account of the transaction involving appellant and the armed robbery. As such, the newscast was privileged and did not constitute libel as a matter of law.

The judgment of the trial court is affirmed.