**Vern E. CHRISTY, Petitioner,**

v.

**STAUFFER PUBLICATIONS, INC., et al.,**
**Respondents.**

No. B–1158.

Supreme Court of Texas.

Feb. 19, 1969.

Edwards & Brackett, James R. Edwards, Lubbock, for petitioner.

Simpson, Adkins, Fullingim & Hankins, Jewett E. Huff and A. B. Hankins, Amarillo, for respondents.

McGEE, Justice.

Petitioner brought this suit for libel, and the Seventh Court of Civil Appeals has affirmed summary judgment for respondents Stauffer Publications, Inc. and Bob Izzard. We reverse both judgments and remand the cause for trial on the merits.

On August 17, 1966, petitioner was charged with "investigation of armed robbery" of a grocery store in Amarillo. A store employee had told police that petitioner " * * * looked like the man who committed the robbery," but after making an investigation, the police decided that petitioner was not the robber and released him from custody at 9:45 P.M. on the same day of the arrest. At 10:10 P.M., on its 10:00 o'clock newscast, television station KGNC gave an account of the events surrounding the robbery, and it is this publication which precipitated petitioner's law suit for libel.

Respondents' motion for summary judgment was based in part on the affidavit of

Bob Izzard. Izzard stated that he was employed by respondent Stauffer Publications as a newscaster on television station KGNC. He further stated that in reporting the robbery he read from a prepared transcript which is set out in full by the Court of Civil Appeals in 431 S.W.2d 54.

The only affidavit in opposition to the motion for summary judgment was that given by Mr. H. C. Williams, who stated that he viewed the entire report of the robbery as given by Izzard on the 10:00 o'clock news. Mr. Williams further stated that "Bob Izzard referred to Mr. Christy as the bandit; that he had been arrested for the armed robbery; that he had been charged with the armed robbery and had been positively identified as the hold-up man."

■ In reviewing the propriety of entering summary judgment against petitioner, we must assume that Izzard did make the statements contained in Williams' affidavit. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex., 1965).

■ We hold that Williams' sworn statement that Izzard referred to Christy as the bandit raises a material fact issue in the case. To charge one falsely with the commission of any crime for which he may be punished by imprisonment is slander or libel per se. Democrat Publishing Co. v. Jones, 83 Tex. 302, 18 S.W. 652 (1892); A. H. Belo & Co. v. Fuller, 84 Tex. 450, 19 S.W. 616 (1892); Houston Chronicle Publishing Co. v. Flowers, 413 S.W.2d 435 (Tex.Civ.App., 1967, n.w.h.); Davila v. Caller Times Publishing Co., 311 S.W.2d 945 (Tex.Civ.App., 1958, n.w.h.); Hornby v. Hunter, 385 S.W.2d 473 (Tex.Civ.App., 1964, n.w.h.); Houston Chronicle Publishing Co. v. Bowen, 182 S.W. 61 (Tex.Civ. App., 1915, writ refused).

■ Since the affidavits present an ultimate issue of fact, the summary judgment was improper. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Wo-mack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1956).

Respondents contend that assuming Izzard actually made all the statements attributed to him by Williams, the publication is nevertheless privileged under Article 5432, Vernon's Ann.Tex. Statutes, and therefore summary judgment for respondents was proper. We disagree. The pertinent part of Article 5432 reads as follows:

"The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall not be made the basis of any action for libel.

"1. A fair, true and impartial account of the proceedings in a court of justice, unless the court prohibits the publication of same when in the judgment of the court the ends of justice demand that the same should not be published and the court so orders, or any other official proceedings authorized by law in the administration of the law.

" * * *

"4. A reasonable and fair comment or criticism of the official acts of public officials and of other matters of public concern published for general information."

■ It is well to note here that the broadcasting of defamatory statements read from a script is libel rather than slander. Gibler v. Houston Post Company, 310 S.W.2d 377 (Tex.Civ.App., 1958, writ ref'd n.r.e.).

■ The question of privilege is one of law when the language used is unambiguous or when the facts and circumstances surrounding the published defamation are undisputed. Fitzjarrald v. Panhandle Publishing Co., 149 Tex. 87, 228 S.W.2d 499 (1950); Walker v. Globe-News Publishing Company, 395 S.W.2d 686 (Tex.Civ.App., 1965, writ ref'd, n.r.e.); Root v. Republic National Bank of Dallas, 337 S.W.2d 709 (Tex.Civ.App., 1960, n.w.h.).

■ To charge one falsely with being a bandit is not a privileged communication

within the meaning of Section 1 or Section 4 of the statute. The privileges granted therein do not extend to such a false statement, and that is true whether the statement be viewed as a statement of fact or comment. Ray v. Times Publishing Company, 12 S.W.2d 165 (Tex.Com.App., 1929); A. H. Belo v. Looney, 112 Tex. 160, 246 S.W. 777 (1922); Bell Publishing Company v. Garrett Engineering Co., 141 Tex. 51, 170 S.W.2d 197 (Tex.Com.App., 1943); Stewart v. Enterprise Company, 393 S.W.2d 372 (Tex.Civ.App., 1965, writ ref'd, n.r.e.); Davila v. Caller Times Publishing Company, 311 S.W.2d 945 (Tex. Civ.App., 1958, n.w.h.).

The judgments of the courts below are reversed and the cause is remanded to the trial court.