Corynne PARKS, Appellant,

v.

**WHITNEY INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 5527.

Court of Civil Appeals of Texas, Waco.

June 30, 1976.

Harold O. Clark, Waco, for appellant.

Giles E. Miller, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a summary judgment concerning a suit for delinquent school taxes. Plaintiff-Appellee Whitney Independent School District of Hill County, Texas, brought this suit against Defendant-Appellant Mrs. Corynne Parks for delinquent taxes, penalty, and interest for the years 1968 through 1973 inclusive, alleged to be due and owing on certain real estate located in said School District, in the total amount of $1566.62, plus attorneys' fees and costs, and foreclosure of the tax lien on said land. After Defendant answered, the Plaintiff School District filed an unsupported motion for summary judgment. The Defendant filed an affidavit of Corynne Parks in opposition to the motion for summary judgment setting up certain fact issues not necessary to detail here.

The trial court granted summary judgment in favor of Plaintiff School District against Defendant for taxes, penalty and interest in the amount of $1629.22, plus interest from judgment, $244.38 attorneys' fees, court costs, and foreclosure of the tax lien on the subject real estate. From this judgment, the Defendant appeals. We reverse and remand.

Defendant-Appellant comes to this court on four points of error complaining of said summary judgment, the first point being that the motion for summary judgment is entirely unsupported by competent summary judgment evidence. We sustain this point. Said motion was supported by nothing except Plaintiff School District's sworn original petition. Our Supreme Court has held that pleadings, even if sworn to, are not competent summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association* (Tex.1971) 462 S.W.2d 540. Therefore the summary judgment cannot stand.

Defendant-Appellant has other points of error; however, it is not necessary that these be discussed, except to point out that the record shows the existence of material fact issues that would in any event render a summary judgment improper. Rule 166A, Texas Rules of Civil Procedure; *Gulbenkian v. Penn* (Tex.1952) 151 Tex. 412, 252 S.W.2d 929; *Gaines v. Hamman* (Tex.1962) 163 Tex. 618, 358 S.W.2d 557; *Christy v. Stauffer Publications, Inc.* (Tex.1969) 437 S.W.2d 814.

We accordingly reverse the trial court's judgment and remand the cause for trial on the merits.

**REVERSED AND REMANDED.**