McBride v. New Braunfels Herald-Zeitung 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-91-083-CV





KIRK WAYNE MCBRIDE,



 APPELLANT


vs.





NEW BRAUNFELS HERALD-ZEITUNG,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT,



NO. C-90-217C, HONORABLE ROBERT T. PFEUFFER, JUDGE



 




PER CURIAM


 This is a pro se appeal from the grant of a summary judgment in a libel case. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 73.001-.006 (1986). Appellant Kirk Wayne McBride sued
appellee, the New Braunfels Herald-Zeitung, for publishing an allegedly libelous story, and the
district court granted the newspaper's motion for summary judgment. McBride brings four points
of error, alleging the trial court erred in granting the motion for summary judgment because the
publication was not privileged (points 1 through 3) and erred in overruling his motion for
rehearing or motion to reconsider (point 4). We will reverse.

 McBride was arrested and charged with aggravated robbery on May 2, 1989. On
May 3, 1989, the newspaper printed an article concerning the arrest. (1) The district attorney
dropped the charge against McBride and he was released from the Comal County jail on May 26,
1989. McBride filed suit in April 1990, and the newspaper moved for summary judgment based
on statutory privileges alleging the article was a fair, true, and impartial account of an official
proceeding to administer the law or in the alternative, a reasonable and fair comment on a matter
of public concern published for general information. See Tex. Civ. Prac. & Rem. Code Ann. §
73.002(b) (1986). The district court granted the motion and rendered a general summary
judgment in September 1990.

 The standards for reviewing a motion for summary judgment are well established:
(1) The movant for summary judgment has the burden of showing that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). The newspaper, therefore, must prove the existence of a
privilege as a matter of law. Poe v. San Antonio Express-News Corp., 590 S.W.2d 537, 541
(Tex. App. 1979, writ ref'd n.r.e.)

 In point of error one, McBride contends that the trial court erred in granting the
motion for summary judgment because genuine issues of material fact exist regarding the
newspaper's claim of privilege. We disagree. The newspaper does not dispute the content of the
article, but rather argues that the publication was privileged. The existence of a privilege is a
matter of law for the court to decide when the circumstances surrounding the published defamation
are undisputed. Christy v. Stauffer Publications, Inc., 437 S.W.2d 814, 815 (Tex. 1969);
Fitzjarrald v. Panhandle Publishing Co., 228 S.W.2d 499, 505 (Tex. 1950). Point of error one
is overruled.

 In points of error two and three, McBride contends that the trial court erred in
granting the motion for summary judgment because the article was neither privileged as a fair,
true, and impartial account of an official proceeding to administer the law, nor privileged as a
reasonable and fair comment on or criticism of a matter of public concern published for general
information. Tex. Civ. Prac. & Rem. Code Ann. § 73.002(b) (1986). We agree.

 At the outset, we note that the newspaper has not argued in the district court or this
Court that it is entitled to protection under either the federal or state constitutions, or under
common-law defenses. See U.S. Const. amend. I; Tex. Const. art. I, § 8; Tex. Civ. Prac. &
Rem. Code Ann. § 73.006 (1986). Our analysis, therefore, is based solely on the newspaper's
statutory privileges and not on a publisher's constitutional or common-law privileges against
liability for defamation of a private citizen. See, e.g., Gertz v. Welch, 418 U.S. 789 (1974). See
generally Randy R. Koenders, Annotation, Defamation: Privilege Attaching to News Report of
Criminal Activities Based on Information Supplied by Public Safety Officers--Modern Status, 47
A.L.R.4th 718 (1986).

 The newspaper's allegedly libelous action was the publication of Lt. Rubio's
statement, "He got away with approximately $1,700 in cash and cigarettes . . . . We believe that
there was someone else with him." Because this cause comes to us on summary judgment, we
must make every reasonable inference in favor of McBride and resolve any doubts in his favor. 
See Nixon, 690 S.W.2d at 548-49. We must, therefore, assume that Lt. Rubio's use of the word
"he" referred to McBride instead of "the robber." Viewed in this light, Lt. Rubio's statement
accuses McBride of the commission of a crime for which punishment by imprisonment in jail or
the penitentiary may be imposed, which constitutes libel per se. See Christy, 437 S.W.2d at 815;
Democrat Publishing Co. v. Jones, 18 S.W. 652, 654 (Tex. 1892); Poe, 590 S.W.2d at 541. The
district attorney dropped the charge against McBride and the newspaper has not established as a
matter of law that he "got away with approximately $1,700 in cash and cigarettes." (2) In addition,
we must assume that McBride was innocent and Lt. Rubio's statement was, in fact, not true. The
publication, therefore, cannot be privileged as a "fair, true, and impartial account of . . . an
official proceeding . . . to administer the law" for the purposes of our summary-judgment review. 
See Tex. Civ. Prac. & Rem. Code Ann. § 73.002(b)(1) (1986). The publication also fails as a
"reasonable and fair comment on or criticism of a . . . matter of public concern published for
general information." Tex. Civ. Prac. & Rem. Code Ann. § 73.002(b)(2) (1986). A false
statement of fact, even if made in a discussion of matters of public concern, is not privileged as
fair comment. Bell Publishing Co. v. Garrett Eng'g Co., 170 S.W.2d 197, 204 (Tex. 1943); see
A.H. Belo & Co. v. Looney, 246 S.W. 777, 784 (Tex. 1922); Fitzjarrald, 228 S.W.2d at 505;
Hornby v. Hunter, 385 S.W.2d 473, 476-77 (Tex. App. 1964, no writ); Davila v. Caller Times
Publishing Co., 311 S.W.2d 945, 947 (Tex. App. 1958, no writ). "However much the reading
public may be interested in news concerning law enforcement, or whatever may be the duty of a
newspaper to disseminate news thereof, these considerations can never be suffered to outweigh
the duty which one person owes to another not to injure his good name by the publication of
untrue statements concerning him." Times Publishing Co. v. Ray, 1 S.W.2d 471, 474-75 (Tex.
Civ. App. 1927), aff'd, 12 S.W.2d 165 (Tex. Comm'n App. 1929, judgm't adopted).

 In its reply point, the newspaper claims that if the article is substantially true, then
the publication is privileged. See Crites v. Mullins, 697 S.W.2d 715, 717 (Tex. App. 1985, writ
ref'd n.r.e.). "The test used in deciding whether the broadcast is substantially true involves
consideration of whether the alleged defamatory statement was more damaging . . . , in the mind
of the average listener, than a truthful statement would have been." McIlvain v. Jacobs, 794
S.W.2d 14, 16 (Tex. 1990). Lt. Rubio's statement was that the unnamed "he," whom we must
presume on summary-judgment review to be McBride, stole approximately $1,700. The truthful
statement was simply that McBride was arrested and charged with aggravated robbery. The
average reader can certainly appreciate that saying a person is a robber is not substantially the
same as saying that same person was arrested and charged with robbery. The summary-judgment
evidence does not establish privilege as a matter of law. McBride's points of error two and three
are sustained.

 In point of error four, McBride contends that the district court erred in overruling
his motion for rehearing, or in the alternate, his motion to reconsider the order granting the
motion for summary judgment. It is unnecessary to reach this point in light of our disposition of
points two and three.

 The judgment of the district court is reversed, and the cause is remanded to the trial
court for a trial on the merits.


[Before Justices Powers, Jones and Kidd]

Reversed and Remanded

Filed: March 11, 1992

[Do Not Publish]
1. The article is as follows:


 Man jailed for April 17 store holdup

 A New Braunfels man remains in the Comal County jail
today in lieu of a $50,000 bond and is charged with robbing the
Lone Star Ice House at the intersection of FM 2252 and FM 3009.

 Curt Wayne McBride, 28, 1532 Lorelei Lane, was arrested
after authorities received a Crime Stoppers tip regarding the
robbery and linked him to the crime. He is charged with
aggravated robbery.

 Garden Ridge Police Department officers and Comal County
sheriff's office detectives performed the investigation.

 "He got away with approximately $1,700 in cash and
cigarettes," said Lt. Rubio, Comal County sheriff's office. "We
believe that there was someone else with him."

 The suspect was arrested at his place of employment in New
Braunfels Tuesday at 11:35 a.m. He was magistrated by Precinct
2 Justice of the Peace R.G. Blanchard.

 "The attendant was checking how much gas she had out in
the pumps" when she was robbed at knifepoint, Rubio said. The
robbery occurred around 5:40 the morning of April 17.
2. The facts and outcome of Christy v. Stauffer Publications, Inc. and Stewart v. Enterprise Co.
are analogous to the instant cause. Christy, 431 S.W.2d 54 (Tex. Civ. App. 1968), rev'd, 437
S.W.2d 814 (Tex. 1969); Stewart, 393 S.W.2d 372 (Tex. App. 1965, writ ref'd n.r.e.).