## EXPRESS PUB. CO. v. LANCASTER.
### (No. 1050–4392.)

Commission of Appeals of Texas, Section A.
Feb. 29, 1928.

1. **Libel and slander** ⊗➝120(2) — **Exemplary damages for libelous charge of corruption in office were not allowable, where there was no actual malice.**

Exemplary damages for newspaper article libelously charging corruption in office of chief of police were not allowable, where there was no actual malice in publishing article.

2. **Appeal and error** ⊗➝1151(2)—**Judgment erroneously awarding exemplary damages for libel will be reformed, where case appears fully developed.**

Judgment erroneously awarding exemplary damages for libelous charge of corruption in office will be reformed rather than case remanded, where case appears to have been fully developed in respect to exemplary damages, and no other errors appear.

3. **Libel and slander** ⊗➝10(3)—**Newspaper article, stating that committee found charges of corruption true, and that chief of police must go, held libelous as imputing corruption in office.**

Newspaper article, stating that two local officers must go by verdict of committee on vice, that committee found charges of corruption made by army officer were true, that there was threat of martial law if conditions were not remedied, and that chief of police must go, *held* libelous as imputing corruption in administration of office of chief of police.

4. **Libel and slander** ⊗➝48(2)—**Newspaper article, stating that charges of corruption were found true, and that chief of police must go, held not privileged as reasonable and fair comment or criticism of official acts.**

Newspaper article, stating that two local officers must go by verdict of committee on vice, that committee found charges of corruption were true, that there was threat of martial law, if conditions were not remedied, and that chief of police must go, *held* not privileged as reasonable and fair comment or criticism of official acts.

5. **Libel and slander** ⊗➝4—**Libelous, untrue, and unprivileged accusation of corruption in office entitled officer to damages, regardless of accuser's innocent motives.**

Libelous, untrue, and unprivileged accusation in newspaper article of corruption in office of chief of police entitled such officer to recover damages from newspaper as compensation, irrespective of innocent motives of newspaper in publishing article.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Fred H. Lancaster against the Express Publishing Company. Judgment in favor of plaintiff was affirmed by the Court of Civil Appeals (270 S. W. 229), and defendant brings error. Reformed and affirmed.

Superseding former opinion in 285 S. W. 810.

Denman, Franklin & McGown, Templeton, Brooks, Napier & Brown, F. C. Davis, and Chambers & Johnson, all of San Antonio, for plaintiff in error.

T. T. Vanderhoeven, B. A. Greathouse, and Lewright & Lewright, all of San Antonio, for defendant in error.

HARVEY, P. J. The defendant in error, Fred H. Lancaster, recovered judgment in the district court against the plaintiff in error, Express Publishing Company, for the sum of $7,500 actual damages and $7,500 exemplary damages resulting from an alleged libelous article published in the San Antonio Express on December 23, 1917. That judgment was affirmed by the Court of Civil Appeals. The case having been brought up on writ of error, Section B of the Commission of Appeals, in an opinion written by Presiding Judge Powell, recommended that the judgments of the trial court and the Court of Civil Appeals be affirmed. 285 S. W. 810. On consideration of a motion for rehearing, Judge Powell and his associates concluded that the part of the trial court's judgment which awards recovery of exemplary damages should be reversed, but that part which awarded actual damages should be permitted to stand, and all previous orders were set aside by the Supreme Court.

[1, 2] It is our opinion that the evidence contained in the record does not raise the issue of actual malice on the part of the plaintiff in error in making the publication complained of. Therefore the award of exemplary damages by the trial court is erroneous. But, since the case appears to have been fully developed in this respect, a remand of the case should not be made, unless other errors be found.

[3] The published article in question bore the following headlines, to wit:

"Two Local Officers Must Go, by Verdict of Committee on Vice. Action to be Recommended to Mayor in Extensive Report to be Filed During the Present Week. Drastic Arraignment of Peace Officers Expected. After Month of Diligent Investigation, Committee Finds that Charges of Corruption Made by Army Officer are True. Threat of Martial Law if Conditions are Not Remedied. The Chief of Police and Police Judge of San Antonio Must Go."

The committee referred to in the above publication was composed of several citizens of San Antonio, who had been appointed by the chamber of commerce to investigate and report on conditions respecting the existence of brothels and gambling houses in San Antonio. The defendant in error, Lancaster, was the chief of police of that city at the time, and was free from corruption in office. The com-

mittee made no finding of corruption against Lancaster.

[4, 5] The headlines in question clearly, we think, impute to Lancaster corruption in the administration of the office of chief of police. Cotulla v. Kerr, 74 Tex. 94, 11 S. W. 1058, 15 Am. St. Rep. 819. Such an imputation is without the domain of reasonable and fair comment or criticism of his official acts, and therefore not privileged under the statute. Belo v. Looney, 112 Tex. 178, 246 S. W. 777. The accusation of corruption being libelous, untrue, and unprivileged, the plaintiff in error became liable to Lancaster in damages, as compensation for the wrong done him, irrespective of the innocent motives of the plaintiff in error in publishing the accusation.

We have given due consideration to all other matters of which complaint is made by the plaintiff in error, and we find no reversible error in them.

We therefore recommend that the judgments of the district court and Court of Civil Appeals be so reformed as to allow Lancaster his actual damages in the sum of $7,500, with interest thereon at the rate of 6 per cent. per annum from May 30, 1924, the date of the district court judgment; that, as so reformed, the judgments of the district court and Court of Civil Appeals be affirmed. We further recommend that the defendant in error pay all costs in the Supreme Court and Court of Civil Appeals, and that the plaintiff in error pay all costs of court in the district court.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed so as to award defendant in error $7,500 actual damages, with 6 per cent. per annum interest from May 30, 1924. Costs taxed as recommended by the Commission of Appeals.