NO. 07-07-0228-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 19, 2007
_____

IN RE ROB L. NEWBY, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator Rob L. Newby, acting *pro se*, has filed a petition seeking issuance of a writ of mandamus.  We will dismiss the petition in part and deny it in part.

According to relator's petition, he is incarcerated in the Institutional Division of the Texas Department of Criminal Justice, and filed a civil suit in the 100th District Court seeking damages and declaratory and injunctive relief against officials of the TDCJ's Roach Unit in Childress County.  He states that his claims arise from the officials' handling of his grievance over damage to his radio.

In his petition, relator asserts that the Hon. David M. McCoy, judge of the 100th District Court, has failed to take certain actions with respect to relator's civil suit despite relator's requests.  He also asserts that the district clerk, Zona Prince, has ignored his requests that she send him copies of documents he has filed in the civil suit.  He asks that

we direct the district clerk to send him a copy of pleadings filed in the case, and direct Judge McCoy "to set this case and serve the A.G."

A court of appeals has the authority to issue a writ of mandamus against a judge of a district or county court in the court of appeals' district and all writs necessary to enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(a),(b) (Vernon 2004). We have jurisdiction to issue a writ of mandamus to the district clerk, then, only to the extent necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.–Houston [1ˢᵗ Dist.] 1999, orig. proceeding). Our jurisdiction under section 22.221(a) exists to enforce our actual, as opposed to potential, jurisdiction. *In re Johnson*, No. 07-04-0048-CV, 2004 WL 384458 (Tex.App.–Amarillo, March 2, 2004, orig. proceeding) (citing *Shelvin v. Lykos*, 741 S.W.2d 178, 181 (Tex.App.–Houston [1ˢᵗ Dist.] 1987, orig. proceeding)). As we sometimes have stated the rule, our writ authority under section 22.221(a) applies only when the relief sought implicates a pending appeal. *See, e.g., In re Jackson*, No. 07-03-0372-CV, 2003 WL 22047701 (Tex.App.–Amarillo September 2, 2003, orig. proceeding). It does not appear that the relief sought by relator's petition against the district clerk implicates a pending appeal, or affects our actual appellate jurisdiction. Accordingly, we find the relief he seeks against the district clerk lies outside our writ jurisdiction.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985), quoted in *Walker v. Packer*, 827

2

S.W.2d 833, 839 (Tex. 1992). One seeking issuance of a writ of mandamus must provide a sufficient record to establish his right to such relief. *Walker*, 827 S.W.2d at 837. The relief sought by relator against Judge McCoy would issue only on a clear showing that the trial court had a legal duty to perform a nondiscretionary or ministerial act; that he has been requested to perform the act; and that he has refused to do so. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992) (orig. proceeding) (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)). This court has held that the acts of giving consideration to and ruling on motions properly filed and pending before a trial court are ministerial acts the performance of which, in a proper case, may be enforced by mandamus. *See In re Christensen*, 39 S.W.3d 250 (Tex.App.–Amarillo 2000) (orig. proceeding).

As noted, relator requests that we direct Judge McCoy to "serve the A.G." The request demonstrates relator misunderstands the role of the trial court in service of process in civil cases. Under the Texas Rules of Civil Procedure, arranging for service of citation and a copy of the original petition on other parties is the responsibility of a litigant, not that of the trial court. Rule 99 provides, in pertinent part, that, on the filing of the petition, "the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." Tex. R. Civ. P. 99. Many other rules may affect the requirements for service in a particular case, but reference to Rule 99 is sufficient to show that relator is mistaken in his apparent belief the trial court bears responsibility to initiate service on the defendants in his civil case.

In the context of the facts relator presents in his petition, we are not certain we understand relator's request that we direct Judge McCoy to "set" his civil case. If he means the judge should set the case for trial, it is apparent that the request is premature, since the defendants have not been served with a copy of the petition or given an opportunity to respond to it. *See* Tex. R. Civ. P. 245 (addressing assignment of cases for trial). In any event, we find that relator has not demonstrated that Judge McCoy has refused to perform a nondiscretionary or ministerial act so as to justify this court's intervention in the scheduling of his court's trial docket. *See Ho v. Univ. of Texas at Arlington*, 984 S.W.2d 672, 693-94 (Tex.App.–Amarillo 1998, pet. denied) (recognizing trial court's wide discretion to manage its docket). Accordingly, and accepting relator's statements in his petition as true,[1] we nonetheless find that he has failed to demonstrate entitlement to the writ of mandamus he seeks.

For the reasons stated, to the extent relator's petition seeks relief against the district clerk Zona Prince, it is dismissed for want of jurisdiction, and to the extent it seeks relief against Judge McCoy, it is denied.

Per Curiam

---

[1] Because the contentions made in relator's petition, on its face, do not establish his entitlement to mandamus relief, we need not address the absence of certified or sworn copies of documents material to relator's claim for relief, as required by Rule of Appellate Procedure 52.7. Relator's request, included within his petition, that we "excuse him from Rule 52.7" is therefore dismissed as moot.