

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00208-CR

IN RE:  WILLIAM W. FREY

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

In December 2011, we affirmed the revocation of William W. Frey's community supervision after concluding that his appeal was frivolous.[1]  Since that time, Frey has filed numerous applications for the writ of habeas corpus in state and federal courts, as well as an appeal and a prior petition for a writ of mandamus in this Court.[2] As we can best determine his position as set out in his current petition, it appears that Frey argues that his original conviction was void because the State violated his plea agreement by withholding two compact discs (CDs) containing the content of telephone calls.  Frey now claims that the two CDs contained exculpatory evidence and that the State's action of withholding the content of them violated the requirements of *Brady v. Maryland*, 383 U.S. 83, 86 (1963).  Frey asks this Court to obtain all of the CDs from the trial court and to render a judgment overturning his conviction as void.

To obtain mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Further, the relator must provide this Court with a record sufficient to establish his right to mandamus relief.  *Walker v. Packer*, 827

---

[1]Frey's underlying charge was aggravated assault with a deadly weapon, for which the 336th Judicial District Court of Fannin County had deferred adjudication and placed Frey on ten years' deferred adjudication community supervision.  On the State's motion, the trial court revoked Frey's community supervision, adjudicated him guilty of aggravated assault with a deadly weapon, and on May 20, 2011, sentenced Frey to twenty years' imprisonment.  The appeal of that action of the trial court was what we determined was frivolous.  *Frey v. State*, No.06-11-00123-CR, 2011 WL 6774175 (Tex. App.—Texarkana Dec. 21, 2011, no pet.) (mem. op., not designated for publication).

[2]People who have the propensity to file numerous actions that result in repeated reported decisions are sometimes called "frequent flyers."  Frey has earned that appellation.

2

S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

In support of his petition, Frey attached a copy of the indictment and a handwritten exhibit containing what he asserts is a true and correct copy of testimony contained in volume 2 of a reporter's record at page 92, line 25 and page 93, lines 2 through 4. Although Frey's petition identifies neither the witness supposedly being quoted nor the proceeding in which the testimony was given, we have compared Frey's handwritten exhibit with the reporter's record filed in his 2011 appeal and have determined that the cited testimony was excerpted from that which was given by Chastity Hanson during the hearing conducted May 20, 2011, wherein Frey's community supervision was revoked. Although Frey has not provided us with the reporter's record in this proceeding, in the interest of justice, we will consider the portion of the record from his prior appeal relevant to Frey's current petition for writ of mandamus. At the revocation hearing, Hanson testified that she had been in constant contact with Frey by telephone since his arrest, that her conversations with him had been recorded on CDs, and that she had listened to the recordings on those CDs in the district attorney's office the day before her testimony. Frey bases his contention that there were two CDs which were not introduced into evidence on the following exchange between the State and Hanson:

> Q.    [By the State] Okay. How many calls -- you listened to three CDs of calls yesterday?
>
> A.    Yes, sir, I listened to 67.

3

> Q.    And how long did that take?
>
> A.    50 minutes apiece.

Frey alleges that the State only offered one of the CDs into evidence and asserts that the calls on the other two CDs contained exculpatory evidence. However, the record shows that when the State offered the recording of the calls into evidence, it offered a recording on a digital video disc (DVD) which portrayed Hanson as testifying that the CD that was introduced contained recordings of every telephone conversation in which she had engaged with Frey while he was locked up. Even if one assumes that the action of withholding exculpatory evidence by the State would automatically render the trial court's judgment of conviction void, this record does not demonstrate that any such exculpatory evidence was withheld. Further, it appears from this record that the State introduced into evidence all of the recorded telephone conversations between Frey and Hanson, even though they were contained on only one DVD.

Since Frey has not provided us with a record sufficient to establish his right to mandamus relief, we must deny his petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:    December 6, 2016
Date Decided:      December 7, 2016

Do Not Publish