

# NUMBER 13-19-00625-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ESTHER AKINDAYOMI, ET AL.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Justice Tijerina[1]**

Relators Esther Akindayomi et al.[2] filed a petition for writ of mandamus and

emergency motion to enforce an automatic stay in the above cause on December 6, 2019.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

[2] Relators include Esther Akindayomi, Deyanira Arango, GuadalupeArmstrong, Michael B. Bass, Maria De Mora Betancourt, Sanjuanita Cadena, Maura Cardenas, Elisa Castro, Diana Cavazos, Raquel Cerda, Silvia Conlan, Silvia Cook, Irma Cruz, Manuel Enriquez, Alejandra Vasquez Espinoza, Irma Flores, Joanne Flores, Maria Del Carmen Gonzalez, Maria Guajardo, Alex Guillen, Cesar Guzman, Maria Guadalupe Guzman, Esthela Hernandez, Lyzbeth Leon, Lyzbeth Leon, Mario Martinez, Mario Martinez, Andrameda Mendoza, Ana Moniet, Raul Montalvo Jr., Raul Montalvo Jr., Graciela Perez, Graciela Perez, Ramon Perez, Alejandra Reyes, Claudio Rodriguez, Gloria Rodriguez, Maria Rodriguez, Valdemar

Relators contended that the trial court abused its discretion by conducting proceedings in violation of the automatic stay provided by Texas Civil Practice and Remedies Code § 51.014(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b). Relators asked that we stay all proceedings pending in the 464th District Court that were "improperly transferred to the originating trial court" by the MDL pretrial court in cause number MDL-15-0360-G.

By order previously issued, this Court granted relators' request for emergency relief and ordered the trial court proceedings stayed. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We requested that the real parties in interest, Rio Grande Regional Hospital, Inc., HCA Health Services of Texas, Inc., and Resource Corporation of America & Recovery of Texas, LLC, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order. *See id.* R. 52.2, 52.4, 52.8. These real parties have now filed their response to the petition for writ of mandamus and have further filed an emergency motion to dissolve the stay order that we previously issued in this case.

"[M]andamus is both an extraordinary remedy and a discretionary one." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827

---

Rodriguez, Ramona Ruiz, Jose Luis Ruvalcaba, Lorena Ruvalcaba, Micheal Saldana, Mario Salinas, Lorenzo Silvestre-Zavala, Sosa, Irene Suarez, Sylvina Villarreal, Hector Yado, and Jose Zubieta.

S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Mandamus "may be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Prudential Ins. Co. of Am*. 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the relators have not met their burden to obtain relief. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12),(b) (providing for an automatic stay applicable to trial court proceedings pending interlocutory appeal under the Texas Citizens Participation Act); *In re Geomet Recycling LLC*, 578

S.W.3d 82, 87 n.1 (Tex. 2019) (orig. proceeding) (collecting cases and stating that "[a]lthough the stay is mandatory, like most other legal rights its application may be waived by agreement of the parties"); *Roccaforte v. Jefferson Cty,*, 341 S.W.3d 919, 923 (Tex. 2011) (holding that a party may waive complaints about a trial court's actions in violation of the mandatory stay imposed by § 51.014(b)); *see also In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009) (orig. proceeding).  Accordingly, we lift the stay previously imposed in this cause, deny the petition for writ of mandamus, and dismiss the emergency motion filed by the real parties in interest as moot.  Our opinion and ruling herein is limited to the specific case from which this original proceeding arises, that is, trial court cause number C-2809-19-L in the 464th District Court of Hidalgo County, Texas, and should not be construed otherwise.

JAIME TIJERINA
Justice

Delivered and filed the
19th day of December, 2019.

4